**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Abingdon Division**

| | |
|---|---|
| KIRA FERGUSON, individually and as Executrix of the ESTATE OF WILLIAM S. FERGUSON, DECEASED, and SHANNON FERGUSON, in her own right,<br><br>Plaintiffs,<br><br>v.<br><br>SUSAN DOONAN BLACKWELL,<br><br>Defendant, | Civil Action No. 1:23-cv-00032 |

**DEFENDANT SUSAN DOONAN
BLACKWELL'S REPLY IN SUPPORT OF MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

**INTRODUCTION**

The Court should dismiss this case because it has neither general nor specific jurisdiction over Defendant Susan Blackwell ("Blackwell"), a New Hampshire resident. None of the arguments raised in Plaintiffs' Opposition Brief [ECF 21] are sufficient to meet Plaintiffs' burden of establishing by a preponderance of evidence that this Court has personal jurisdiction over Blackwell.

First, Plaintiffs argue the Court has specific jurisdiction over Blackwell because she owns property in the Commonwealth of Virginia and has participated in litigation in Virginia. Those arguments fail because Plaintiffs concede that any ownership interest or parallel litigation arose after the events described in the Complaint. For the Court to have specific jurisdiction, Plaintiffs must prove that their claims arise out of the activities ostensibly directed at the commonwealth. Plaintiffs' allegations and the purported nexus to the commonwealth are not connected. Those

connections to the commonwealth therefore cannot not form the basis for specific personal jurisdiction.

Second, Plaintiffs argue that the Court has specific jurisdiction because "Blackwell spent several days on the property" in Virginia at the time of the events alleged in the Complaint. Simply visiting a relative in the commonwealth for four days is not purposeful availment of the privilege of conducting activities here. Blackwell's brief family visit to Virginia is insufficient to meet the minimum contacts necessary for this Court to exercise "constitutionally reasonable" jurisdiction.

In any event, the Court need not consider any of the arguments raised in Plaintiffs' untimely opposition brief. Plaintiffs' brief was due by March 22, 2024. It was not filed until March 24, 2024.

## **ARGUMENT**

### I. Blackwell's Connections to Virginia Following Mr. Ferguson's Death Cannot Create Specific Jurisdiction.

To establish specific jurisdiction, Plaintiffs have the burden of showing "(1) the extent to which the defendant 'purposefully availed' itself of the privilege of conducting activities in the State; (2) whether the plaintiff's claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *RCI Contrs. & Eng'rs, Inc. v. Joe Rainero Tile Co.*, 666 F. Supp. 2d 621, 623 (quoting *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002).

Plaintiffs argue the Court has specific jurisdiction over Blackwell because she "has owned an interest in real property in Virginia at least since her stepfather's death on October 14, 2021." (Opp. at 2). Plaintiffs also point to Blackwell's participation in parallel litigation in the commonwealth. (Opp. at 3). Neither of those facts[1] – even if they were true – would move the

---

[1] Blackwell disputes that she "owned an interest in real property in Virginia at least since her stepfather's death on October 14, 2021." For the last two and a half years, Kira Ferguson has been the executrix of the estate. She delayed performing her duties to such an extent that she was recently removed from that role. The estate has not been yet been distributed, but even if it had,

2

needle for the purpose of establishing specific jurisdiction. Plaintiffs' claims in this case do not "arise out of those activities." The claims asserted in this case could not possibly arise out of those activities because those activities occurred <u>after</u> the events that Plaintiffs have sued upon here. *See, e.g., Wolf v. Menh*, No. 1:18-cv-1180, 2019 U.S. Dist. LEXIS 250467, at *6 (E.D. Va. Feb. 5, 2019) (finding Court lacked personal jurisdiction over defendant where the alleged connections to Virginia occurred "before and after the events in the Complaint occurred" and therefore the claims did not arise out of those connections).

II. **Blackwell's Four-Day Visit With Her Stepfather Is Not Sufficient to Satisfy Either the "Purposeful Availment" or "Constitutionally Reasonable" Prongs for Specific Jurisdiction.**

Blackwell did not purposefully avail herself of the privilege of conducting activities in the commonwealth simply by visiting her stepfather prior to his suicide. Plaintiffs argue that Blackwell "spent several days on the property (**using the property**) …with the plan that she would also drive him to Pennsylvania for medical treatment[.]" (Opp. at p. 4) (emphasis in original). Plaintiffs concede that the reason for Blackwell's visit to the commonwealth was to transport her stepfather <u>out of the commonwealth</u>, not to avail herself of the privilege of <u>conducting activities within the commonwealth</u>.

Regardless, this singular trip is insufficient to establish the minimum contacts necessary for this Court to exert specific jurisdiction over Blackwell. *See, e.g., Le Bleu Corp. v. Standard Capital Grp., Inc*., 11 Fed. Appx. 377, 380-81 (4th Cir. 2001) (upholding the district courts finding that "some mail and telephone calls" between the parties, two visits to the forum state by defendant's employees, and the fact that payment on the contract was mailed from North Carolina,

---

Blackwell would not have acquired any interest in real property. Mr. Ferguson's Last Will and Testament states that any real estate is to be sold and the proceeds divided among his children. It is disingenuous to claim Blackwell owns real estate in the commonwealth. A copy of the Last Will and Testament is attached as Exhibit A.

3

were insufficient to establish purposeful availment). If two visits by a corporate defendant are insufficient to establish "minimum contacts," it is unreasonable for the Court to conclude here that a single visit by an individual defendant has purposefully availed herself of this jurisdiction.

Outside of the four-day visit with Mr. Ferguson, Blackwell does not have any meaningful contact with Virginia and never "expressly targeted" Virginia. *GMS Indus. Supply, Inc. v. G&S Supply, LLC*, No. 2:19cv324, 2019 U.S. Dist. LEXIS 225093, at *28 (E.D. Va. Nov. 14, 2019) (finding that the "mere fact that the [plaintiff] was injured [in Virginia] is an insufficient predicate for jurisdiction"). Blackwell came here because her stepfather was here. It would be constitutionally unreasonable for this Court to hold that Blackwell is subject to this Court's jurisdiction simply because she was in Virginia for a brief visit with her ailing stepfather.

### III. Plaintiffs' Opposition Brief Is Untimely.

Regardless, the Court need not consider the arguments raised in Plaintiffs' untimely opposition. Plaintiffs' Brief in Opposition ("Opposition Brief") was originally due on March 11, 2024. Plaintiffs retained new local counsel and requested an extension. The parties modified the briefing schedule by agreement, extending Plaintiffs' deadline to March 22, 2024. [ECF 15.] Plaintiffs did not file their Opposition Brief until two days later on March 24, 2024. [ECF 21.] Despite receiving an extension, Plaintiffs did not timely file their Opposition Brief. Accordingly, this Court need not consider Plaintiffs' untimely brief.

### **CONCLUSION**

WHEREFORE, for the foregoing reasons, Blackwell respectfully requests this Honorable Court grant this motion to dismiss and dismiss the Complaint against her with prejudice and grant such other and further relief as this Court deems just and proper.

**SUSAN DOONAN BLACKWELL**

By: /s/ Stewart R. Pollock (VSB # 92466)

Kathleen McCauley, Esquire (VSB # 39028)
Stewart R. Pollock, Esquire (VSB # 92466)
MORAN REEVES & CONN PC
1211 E. Cary Street
Richmond, Virginia 23219
Telephone: (804) 421-6250
Facsimile: (804) 421-6251
kmccauley@moranreevesconn.com
spollock@moranreevesconn.com
*Counsel for Susan Doonan Blackwell*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of March 2024 a true and accurate copy of the foregoing *Reply in Support of Motion to Dismiss for Lack of Personal Jurisdiction* was filed electronically on the Western District of Virginia Document Filing System (CM/ECF), served by electronic mail (PDF attachment) and by U.S. mail, postage prepaid, to counsel for plaintiffs and served upon all other counsel of record via electronic mail (PDF attachment) as follows:

> Mary Lynn Tate (VSB # 92466)
> Tate Law PC
> P.O. Box 807
> 211 W. Main St.
> Abingdon, VA 24212
> Phone: 276-628-5185
> Fax: 276-628-5045
> Email: mltate@tatelaw.com
> *Counsel for Plaintiff*
>
> Gerard K. Schrom, Esquire (VSB # 39282)
> Schrom and Schaffer, P.C.
> 4 West Front Street
> Media, Pennsylvania
> Telephone: (610) 565-5050
> Facsimile: (610) 565-2980
> gschrom@schromandshaffer.com
> *Pro Hac Vice Counsel*

> **SUSAN DOONAN BLACKWELL**
>
> By: /s/ Stewart R. Pollock (VSB # 92466)
>
> Kathleen McCauley, Esquire (VSB # 39028)
> Stewart R. Pollock, Esquire (VSB # 92466)
> MORAN REEVES & CONN PC
> 1211 E. Cary Street
> Richmond, Virginia 23219
> Telephone: (804) 864-4832
> Facsimile: (804) 421-6251
> kmccauley@moranreevesconn.com
> spollock@moranreevesconn.com
> *Counsel for Susan Doonan Blackwell*