UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| KIRA FERGUSON, individually and and as the Executrix of the Estate of WILLIAM S. FERGUSON, dec. and SHANNON FERGUSON, in her own right, <br><br> Plaintiffs, <br><br> v. <br><br> SUSAN DOONAN BLACKWELL, f/k/a SUSAN DOONAN BIELSKI <br><br> Defendant. | Case No.: 1:23-cv-00032-JPJ-PMS |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE A BRIEF SUR-REPLY IN OPPOSITION TO DEFENDANT BLACKWELL'S RESPONSE [ECF 23] IN SUPPORT OF HER MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Plaintiffs, by counsel, respectfully file this Motion for Leave to File a Sur-Reply in Opposition to Blackwell's Response, ECF 23, in Support of Motion to Dismiss for Lack of Personal Jurisdiction.

Defendant Blackwell's Motion to Dismiss for Lack of Personal Jurisdiction was filed and briefed on the contention that the "**only way** that this Court can exercise personal jurisdiction" over Blackwell under Virginia law is Va. Code §8.01-328.1 A.3: "Causing tortious injury by an act or omission in this Commonwealth." ECF 11 p.1.

Plaintiffs' Opposition, ECF 21 focused on the provision in the Virginia Long Arm

1

Statute that covers interests in real property, because defendant had a beneficial interest[1] in real property <u>before</u> the death of her stepfather and then a vested interest in real property <u>after</u> the death of her stepfather under §8.01-328.1 A.6: "Having an *interest* in, using, or possessing real property in this Commonwealth."

Plaintiffs also contend that this Court has jurisdiction under Section A 3 of the Long Arm statute for causing tortious injury, particularly as regards a "responsible person" (defendant) who neglects or abuses a "vulnerable person" (decedent Ferguson) under the circumstances described in the complaint.

Blackwell's Response to Plaintiffs' Opposition, ECF 23, sets out her specific challenges to the application of §8.01-328.1. A 6 for the first time and denying that any activity identified by the Fergusons is sufficient to find personal jurisdiction.

Based on the facts alleged in the complaint, a jury may reasonably infer that the purpose for Blackwell's visit was to assess the status of her beneficial interest in the real properties in Wytheville area as well as to transport Mr. Ferguson to Pennsylvania.

Following his death, Blackwell and her sister purposely availed themselves of the privileges of seeking the judicial power of the state by filing litigation in the Circuit Court of Wythe County, Virginia against Plaintiff Vira Ferguson. ECF 6-1. They sought various protections for their vested ownership interests in both personal and real

---

[1] § 64.2-1632. Estates, trusts, and other beneficial interests
A. In this section, "estate, trust, or other beneficial interest" means a trust, probate estate, guardianship, conservatorship, escrow, or custodianship or a fund from *which the principal is, may become, or claims to be entitled to a share or payment*.

property in the Ferguson Estate. *Id.* These actions are encompassed by both sections A1 (transacting business) and A6 (having an interest in, using, or possessing real property) in this Commonwealth. These actions also serve the specific interests contemplated by the Long Arm statute:

> T*he purpose of the Virginia long-arm statute is to extend jurisdiction to the extent permissible under the due process clause. Danville Plywood Corp. v. Plain & Fancy Kitchens, Inc.,* 218 Va. 533, 238 S.E.2d 800, 802 (1977); *Kolbe v. Chromodern Chair Co., Inc.*, 211 Va. 736,740, 180 S.E.2d 664, 667 (1971).

Under subsection (A)(1) of the long-arm statute, *"a single act by a nonresident which amounts to 'transacting business' in Virginia and gives rise to a cause of action may be sufficient to confer jurisdiction upon [Virginia] courts." Danville Plywood,* 238 S.E.2d at 802. *English & Smith v. Metzger*, 901 F.2d 36 (4th Cir. 1990).

While only 1 act is required, the conducting of business activities within the state (A 1) with respect to both the activities prior to the demise of the decedent and seeking court intervention thereafter are sufficient "minimum" contacts for this Court's personal jurisdiction over Blackwell. The Plaintiffs' claim arises out of "forum related activities" that occurred in the Commonwealth and the Va. Long Arm Statute coincides with the limitations imposed by the Fourteenth Amendment. *Young v. New Haven Advoc.,,* 315 F.3d 256,261 (4th Cir. 2002). The maintenance of this suit does not offend 'traditional notions of fair play and substantial justice" under any of the referenced sections of the Long Arm Statute.

By this motion Plaintiffs seek a brief opportunity to address Blackwell's

arguments opposing application of 8.01-328.1 to Blackwell's activities identified by Plaintiffs.

For these reasons, Plaintiffs respectfully ask that this motion seeking leave to file a brief Sur-Reply be granted. Plaintiffs request oral argument on Blackwell's Motion to Dismiss.

                                                                                 **PLAINTIFFS**
                                                                                 BY COUNSEL

/s/ Mary Lynn Tate
Mary Lynn Tate, Esq. (VSB # 16085)
Tate Law PC
P.O. Box 807
211 W. Main St.
Abingdon, VA 24212
Phone: (276) 628-5185
Fax: (276) 628-5045   Email: mltate@tatelaw.com
Gerard K. Schrom, Esquire
Schrom, Shaffer & Botel, P.C.
4 West Front Street
Media, PA 19063
Phone: (610) 565-5050
Fax: (610) 565-2980
Email: gschrom@schromandshaffer.com
Co-Counsel for Plaintiffs

### Certificate of Service

I hereby certify that on this 2d day of April 2024, a copy of the foregoing **PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO DEFENDANT BLACKWELL'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** was filed ECF, sent via electronic mail for filing and service on counsel for Defendant.

                                                                                 /s/ Mary Lynn Tate

Kathleen McCauley, Esquire (VSB # 39028) Stewart R. Pollock, Esquire (VSB # 2466) MORAN REEVES & CONN PC   1211 E. Cary Street Richmond, Virginia 23219 Telephone: (804) 864-4832 Facsimile: (804) 421-6251

kmccauley@moranreevesconn.com
spollock@moranreevesconn.com
Counsel for Susan Doonan Blackwell, a/k/a Susan Doonan Bielski